UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                          Petitioner,

        -against-

WARDEN PHILPS,

                          Respondent.

21-CV-5594 (LTS)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, who was detained in the Rose M. Singer Center on Rikers Island when she filed this *pro se* "Habeas Corpus writ," seeks "immediate release from custody and dismissal of all charges."[1] (ECF No. 1 at 1.) Because Petitioner seeks to challenge her detention, the Court construes the petition as a petition for writ of *habeas corpus* under 28 U.S.C. § 2241.[2] For the following reasons, this petition is transferred to the United States District Court for the Eastern District of New York.

In order to entertain a *habeas corpus* petition under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542

---

[1] Petitioner's current location is unclear. Pursuant to the records of the New York State Unified Court System, on June 22, 2021, a Judge in the New York State Supreme Court, Queens County, remanded Petitioner and ordered a psychiatric exam. *See* https://iapps.courts.state.ny.us/webcrim_attorney/. A review of the records of the New York City Department of Correction, however, reveals that Petitioner was released on June 30, 2021. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf.

[2] The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

U.S. 426, 442 (2004). Although it is unclear where Petitioner is currently physically confined, Petitioner's criminal case is pending in the New York State Supreme Court, Queens County, which is located in the judicial district of the United States District Court for Eastern District of New York. Therefore, in the interest of justice, this Court transfers this petition to the Eastern District of New York. *See* 28 U.S.C. § 1406(a).

      The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The Clerk of Court is further directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case.

      The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).SO ORDERED.

Dated:   July 1, 2021
           New York, New York

                                          /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge